7799.   BATCHELOR v. THE STATE.

HODGES, J. 1. The verdict is authorized by the evidence, and this court will not disturb it.

2. The court instructed the jury: "You are the judges of the law and facts in this case. The law you get from the court as given you in charge; the facts you get from the witnesses who testify and the statement of the defendant; and to the one you apply the other and make your finding." This excerpt is not subject to the exception that it was misleading and confusing, and that the jury had no way of knowing whether the court intended for them to apply the evidence of the wit-nesses to the defendant's statement, in making their verdict, or intended that they should apply the law to the testimony of the witnesses and the statement of the defendant. If the jury did not understand this instruction, trial by jury is a failure in that jurisdiction.

3. The following instruction did not restrict the fear "of a reasonably courageous man" to a real necessity to kill: "The defendant in this case is to be judged as a reasonably courageous man under the circumstances as they appeared to him. In order to justify the homicide, there must be something more than a mere threat or menace. There must be an appearance of danger, the means of inflicting the threatening danger, if any, must apparently be at hand, and there must be some manifestation of an intention to inflict a felonious injury presently." The words "under the circumstances as they appeared to him" relieve the excerpt from the criticism made in the motion for a new trial. The charge of a trial judge should be considered as a whole; and considering the entire charge in this case, there was no error in this excerpt.

4. The judge did not err in giving in charge the law of voluntary manslaughter. The defendant's statement at the trial authorized such a charge, and the fact that in concluding his statement he said that he was justified, and killed in self-defense, did not render the charge inappropriate.                                    *Judgment affirmed.*

DECIDED OCTOBER 31, 1916.

Indictment for murder—conviction of manslaughter; from Mitchell superior court—Judge Cox. April 19, 1916.

*Johnson & Warren, Peacock & Jordan,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper & Son,* contra.